Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| BRIAN LANGHAMMER, PRO SE ) | Case No. _____ |
| ) | *(to be filled in by the Clerk's Office)* |
| ) | |
| *Plaintiff(s)* ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* ) | |
| *please write "see attached" in the space and attach an additional* ) | |
| *page with the full list of names.)* ) | |
| -v- ) | |
| ) | |
| see attached ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |
| *(Write the full name of each defendant who is being sued. If the* ) | |
| *names of all the defendants cannot fit in the space above, please* ) | |
| *write "see attached" in the space and attach an additional page* ) | |
| *with the full list of names.)* ) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Brian Langhammer |
| Street Address | PO Box 1680 |
| City and County | Fairplay, Park County |
| State and Zip Code | Colorado 80440 |
| Telephone Number | 508-499-9660 |
| E-mail Address | MVMACTECH@GMAIL.COM |

    B. **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant(s):

TOWN OF TISBURY, a municipal corporation,
JEFF DAY, in his individual and official capacity
DETECTIVE CHARLES DUQUETTE, in his individual and official capacity
OFFICER SCOTT OGDEN, in his individual and official capacity,
SERGEANT MAX SHERMAN, in his individual and official capacity

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1

    Name: TOWN OF TISBURY
    Job or Title (if known):
    Street Address: 51 SPRING STREET
    City and County: TISBURY, DUKES COUNTY
    State and Zip Code: MASSACHUSETTS 02568
    Telephone Number: 508-696-4200
    E-mail Address (if known):

Defendant No. 2

    Name: JEFF DAY
    Job or Title (if known):
    Street Address: 1 HOLLY GROVE
    City and County: CHILMARK, DUKES COUNTY
    State and Zip Code: MASSACHUSETTS 02535
    Telephone Number: <UNKNOWN>
    E-mail Address (if known):

Defendant No. 3

    Name: CHARLES DUQUETTE
    Job or Title (if known): POLICE DETECTIVE
    Street Address: 32 WATER ST.
    City and County: TISBURY, DUKES COUNTY
    State and Zip Code: MASSACHUSETTS 02568
    Telephone Number: 508-696-4240
    E-mail Address (if known): cduquette@tisburyma.gov

Defendant No. 4

    Name: SCOTT OGDEN
    Job or Title (if known): POLICE OFFICER
    Street Address: 32 WATER ST.
    City and County: TISBURY, DUKES COUNTY
    State and Zip Code: MASSACHUSETTS 02568
    Telephone Number: 508-696-4240
    E-mail Address (if known): sogden@tisburyma.gov

Defendants, continued

Defendant No. 5

| | |
|---|---|
| Name | MAX SHERMAN |
| Job or Title *(if known)* | POLICE SERGEANT |
| Street Address | 32 WATER ST. |
| City and County | TISBURY, DUKES COUNTY |
| State and Zip Code | MASSACHUSETTS 02568 |
| Telephone Number | 508-696-4240 |
| E-mail Address *(if known)* | msherman@tisburyma,gov |

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
US Code 42, §§ 1983 and 1985, First, Fourth, and Fourteenth Amendments to the U.S. Constitution

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Brian Langhammer, is a citizen of the State of *(name)* Colorado.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* Jeff Day, is a citizen of the State of *(name)* Massachusetts. Or is a citizen of *(foreign nation)* _____.

Page 3 of 5

## The Defendant(s) (Continued)

a2

The defendant, Detective Charles Duquette , is a citizen of the State of Massachusetts

a3

The defendant, Officer Scott Ogden , is a citizen of the State of Massachusetts

a4

The defendant, Sergeant Max Sherman , is a citizen of the State of Massachusetts

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* Town of Tisbury , is incorporated under the laws of the State of *(name)* Massachusetts , and has its principal place of business in the State of *(name)* Massachusetts .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000. not counting interest and costs of court, because *(explain)*:
PLEASE SEE COMPLETED COMPLAINT, INCLUDED UNDER SAME COVER

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
PLEASE SEE COMPLETED COMPLAINT, INCLUDED UNDER SAME COVER

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.
PLEASE SEE COMPLETED COMPLAINT, INCLUDED UNDER SAME COVER

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/03/2023

Signature of Plaintiff: *[signed]*
Printed Name of Plaintiff: Brian Langhammer

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| BRIAN LANGHAMMER, PRO SE ) | |
| ) | Case Number:_____ |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Town of Tisbury, ) | |
| Jeff Day, in his individual and official ) | |
| capacities ) | **JURY TRIAL DEMANDED** |
| Detective Charles Duquette, in his ) | |
| individual and official capacities ) | |
| Officer Scott Ogden, in his individual and ) | |
| official capacities ) | |
| Sergeant Max Sherman, in his individual ) | |
| and official capacities ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### COMPLAINT

Plaintiff Brian Langhammer, for his complaint against Defendants Town of Tisbury, Massachusetts, Jeff Day, Detective Charles Duquette, Officer Scott Ogden, and Sergeant Max Sherman states as follows:

### INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1985, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under the law of the Commonwealth of Massachusetts, against the Town of Tisbury, Jeff Day, a former police officer of the Town of Tisbury, in his individual and official capacities, Detective Charles Duquette, Officer Scott Ogden, Sergeant Max Sherman, police officers of the Town of Tisbury, in their individual and official capacities.

- 1 -

2. Plaintiff Brian Langhammer alleges that Defendant Sherman violated his First, Fourth, and Fourteenth Amendment rights by maliciously prosecuting a warrant to arrest without cause, under color of law, subjecting Plaintiff to false arrest.

3. Plaintiff Brian Langhammer alleges that Defendant Duquette violated his First, Fourth, and Fourteenth Amendment rights by causing an unreasonable search and seizure of his person, domicile, and property, maliciously prosecuting a warrant to arrest without cause, under color of law, subjecting Plaintiff to false arrest.

4. Plaintiff Brian Langhammer alleges that Defendant Ogden violated his First, Fourth, and Fourteenth Amendment rights by maliciously prosecuting a warrant to arrest without cause, under color of law, subjecting Plaintiff to false arrest.

5. Plaintiff Brian Langhammer alleges that Defendants Day, Duquette, Ogden, and Sherman conspired to violate his First, Fourth, and Fourteenth Amendment rights, in violation of US Code 42 § 1985, in retaliation for his First Amendment-protected speech in online forums, critical of the Tisbury Police Department.

6. Plaintiff Brian Langhammer alleges that these constitutional violations were committed as a result of the policies and customs of the Town of Tisbury, and that the Town of Tisbury is liable for the torts committed by Defendants Day, Duquette, Ogden, and Sherman.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §§ 1983 and 1985, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Massachusetts state law pursuant to 28 U.S.C. § 1367.

8. Venue lies in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dukes County, Massachusetts. 28 U.S.C. § 1391(b)(2).

9. Divisional venue is in the Division because the events leading to the claim for relief arose in Dukes County, within the District of Massachusetts.

PARTIES

10. Plaintiff Brian Langhammer is an adult citizen and currently a resident of the Town of Silverthorne, Colorado, where he is engaged in seasonal employment driving shuttle vans, and is engaged in furthering his education online. Plaintiff was formerly a resident of Tisbury, Massachusetts.

11. Defendant Jeff Day was a Sergeant with the Tisbury Police Department when the relevant events occurred. He has since been separated from the Tisbury Police Department. He is sued in his individual and official capacities.

12. Defendant Charles Duquette is a detective of the Tisbury Police Department. He is sued in his individual and official capacities.

13. Defendant Scott Ogden is an officer of the Tisbury Police Department. He is sued in his individual and official capacities.

14. Defendant Max Sherman is a sergeant of the Tisbury Police Department. He is sued in his individual and official capacities.

15. Defendant Town of Tisbury is located in Dukes County, Massachusetts. It is a municipal corporation and the public employer of Defendants Duquette, Ogden, and Sherman, and was, at the time of these events, the public employer of Defendant Day.

BACKGROUND

16. Before October 6, 2020, Plaintiff had become known to the Tisbury Police for comments in local community online forums criticizing the Tisbury Police Department and its members for, in Plaintiff's opinion, their questionable competence, ethics, and professionalism.

17. On or about October 6, 2020, while driving through Tisbury, Plaintiff encountered a Tisbury Police officer, Carla Beatriz Damian-Gomes, that he felt is particularly incompetent and unprofessional.

18. Using language that could be described as crude, but well within the limits of protected free speech, Plaintiff criticized the officer for her incompetence and lack of professionalism, before continuing with his business out and about in town.

19. On or about October 7, 2020, Plaintiff received a call from a friend, who had been listening to his police scanner, and he informed Plaintiff he had heard Plaintiff mentioned as the subject of an arrest warrant.

20. Plaintiff contacted the Tisbury Police and spoke with Defendant Sherman, who confirmed that an arrest warrant had been issued, as the police officer Plaintiff had criticized was briefly mentioned in the police report of a previous incident, which, at this time, had not yet been dismissed.

21. Plaintiff was arrested outside his residence in Oak Bluffs, Massachusetts by Oak Bluffs police, charged with Witness Intimidation (M.G.L C. 268 § 13B), despite Plaintiff not having committed such crime, and brought to the Dukes County Jail and House of Correction, subjected to false arrest, in violation of the 4th Amendment.

22. Defendant Sherman had created, and approved, and submitted as a sworn affidavit, the police report of the incident supporting the charge, despite knowing my criticism of the police officer was First Amendment-protected speech, and despite knowing that he was engaged in intentionally maliciously prosecuting Plaintiff in retaliation against Plaintiff for his criticism, subjecting Plaintiff to false arrest, under color of law.

23. The charge was later dismissed for lack of probable cause.

24. At the first hearing resultant to the matter, Plaintiff was released on his own recognizance, with the judge issuing admonishment to the Plaintiff to leave the officer he had criticized alone.

25. Back on the street, Plaintiff remained very conscious about compliance with the judge's warning, going to great effort to avoid the officer.

26. On or about December 4, 2020, at about 11 am, while driving from Oak Bluffs to Tisbury to do errands, Plaintiff found himself in a traffic jam on a narrow, busy road caused by road work.

27. Plaintiff noticed that the traffic was being directed by, and he would have to drive by within a few feet of, the very officer Plaintiff had been admonished to avoid.

28. In an effort to prove compliance with the judge's warning, and fearful of further police retaliatory arrest, Plaintiff raised his phone to video himself passing peaceably through the scene, without comment or incident.

29. Alas, in his haste (and, as it turns out, suffering anxiety at this time), Plaintiff took a photo of his knee, which was deleted upon review when he reached his destination at the post office.

30. On or about December 4, 2020, at about 1:30 pm, errands completed, Plaintiff returned home, again passing by the officer without comment or incident, but successfully shooting a short video of the moment.

31. After 5 pm that Friday evening, Plaintiff was visited by members of the Tisbury and Oak Bluffs police departments at his residence in Oak Bluffs, and placed under arrest for Witness Intimidation (M.G.L. C. 265 § 43A/A) and Criminal Harassment (M.G.L. C. 265 § 43A(A)), despite Plaintiff not having committed such crimes.

32. The police report supporting the charges in this incident mentions communication between various members of the Tisbury Police, and premises the arrest upon Officer Gomes' statement to Defendant Ogden that the Plaintiff had driven by her, with phone raised. She also claimed that Plaintiff had smiled at her, which Plaintiff continues to deny emphatically.

33. The police report supporting the charges was created by Defendant Ogden, without having witnessed any of the events supporting the charges, and approved by Defendant Day, and

- 5 -

- 6 -

submitted as a sworn affidavit, under color of law, despite both officers knowing that neither driving, photography, nor smiling are crimes, and are, at least in the case of photography and smiling, First Amendment-protected speech, and despite knowing that they were engaged in intentionally maliciously prosecuting Plaintiff to further a pattern and practice of retaliation against Plaintiff for his criticism.

34. Plaintiff was brought to the Dukes County Jail and House of Correction, where he remained until his release the following Monday afternoon, subject to false arrest, in violation of the 4th Amendment.

35. The Witness Intimidation charge was later dismissed for lack of probable cause, and the Criminal Harassment charge was forwarded to bench trial at the Edgartown District Courthouse on or about December 7, 2021, which resulted in acquittal.

36. On or about December 17, 2020, Plaintiff was diagnosed with generalized anxiety disorder with panic attacks by Dr. Jose A. Lugo-Estrada.

37. Some time after, in a moment of bitterness and despondency over his treatment by the Tisbury Police, Plaintiff expressed his anger, despair, and frustration, aggrieved by the injustices he had suffered, via text message to a friend, and in a Facebook post.

38. On or about June 7, 2022, Plaintiff received a phone call from his employer informing him that she had received word from the Oak Bluffs Police that Plaintiff's application for a permit to operate as a livery tour driver, Plaintiff's only employment, had been denied, citing a failed background check, based on the record of false arrests and malicious prosecution executed by members of the Tisbury Police.

39. Upon receiving this call, Plaintiff left his residence in Tisbury to visit the Oak Bluffs Police for an explanation of this development.

40. On or about June 7, 2022, at about 10 am, Plaintiff was accosted by a cadre of Tisbury Police cars while driving.

41. After pulling over, Plaintiff was approached by Defendant Duquette who claimed that the police were concerned that Plaintiff was suicidal, and a court order for psychiatric evaluation had been issued.

42. Plaintiff contends that no such reasonable concern existed, and the court order to hold Plaintiff was sought to further a pattern of abuse and harassment by members of Tisbury Police, under color of law, in retaliation for his criticism, and that Defendant Duquette knew this.

43. Plaintiff was detained, and brought by ambulance to Martha's Vineyard Hospital, where Plaintiff was held captive under guard comprised of members of Tisbury Police and Massachusetts State Police.

44. On or about June 10, 2022, while held captive at Martha's Vineyard Hospital, Plaintiff was served an arrest warrant for a misdemeanor of threat to commit a crime, to wit, murder (M.G.L. C. 275 § 2), despite Plaintiff not having issued any threat.

45. The police report supporting the charge in this matter mentions communication between various members of the Tisbury Police.

46. The police report supporting the charge in this matter references statements from an anonymous informant, presumed to be the friend to whom Plaintiff had sent text messages.

47. The police report supporting the charges in this incident was created by Defendant Duquette, and approved by Defendant Sherman, and submitted as a sworn affidavit, despite both officers knowing that my communications via text message and Facebook posting are First Amendment-protected speech, and that the arrest warrant was intentionally maliciously prosecuted to further a pattern and practice of retaliation against Plaintiff for his criticism, under color of law.

48. Plaintiff was taken from the hospital to the Dukes County Jail and House of Correction, subjected to false arrest, in violation of the 4th Amendment, and held in a cell under suicide watch, and forced to wear suicide-proof garments at all times, including at a court hearing where

$10,000 bail was imposed. A photo of Plaintiff so attired accompanied a sensational story in a local newspaper.

49.  Some time after these events, Plaintiff was transferred by Dukes County Sheriff's Office deputies to the Bridgewater State Hospital at Bridgewater, Massachusetts, where he was held in a cell, under court order to undergo a 30-day psychiatric evaluation.

50.  Some time after his arrest, Plaintiff's car, a 2005 Honda Pilot, was towed from the street where it had remained since his seizure by police.

51.  On or about July 8, 2022, after having completed psychological review, and producing results satisfactory to the forensic analyst on staff, Plaintiff was released from Bridgewater and returned to the Dukes County Jail and House of Correction by Dukes County Sheriff's Office deputies, constituting further subjection to false arrest, in violation of the 4th Amendment.

52.  On or about October 19, 2022, after 134 days' confinement, at a motion hearing at Barnstable District Court, and with Defendant Duquette in attendance, the misdemeanor charge was dismissed for lack of probable cause.

53.  Upon his release from jail, Plaintiff found himself rendered homeless, unemployed, unemployable in his community, unable to recover his vehicle, and suffering severe effects of his anxiety with panic attacks condition, as a result of the Defendants' actions.

54.  As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

Violation of his constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution to have freedom speech, to be free from an unreasonable search and seizure of his person and property, and to have equal protection under the law.

- Loss of his physical liberty;
- Search of his domicile without probable cause;

- 8 -

- Search of his property without probable cause;

- Seizure of his property without probable cause;

- Search of his person without probable cause;

- Seizure of his person without probable cause;

- Suffering malicious prosecution of scurrilous, retaliatory charges;

- Defamation;

- Intentional infliction of emotional distress;

55. The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Freedom of speech.

    b. Freedom from the unreasonable search of his person.

    c. Freedom from the unreasonable seizure of his person.

    d. Freedom from the unreasonable search of his property.

    e. Freedom from the unreasonable seizure of his property.

    f. The right to have equal protection under the law.

56. At all relevant times, Defendants Day, Duquette, Ogden, and Sherman were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of Tisbury, Massachusetts and as agents of the Commonwealth of Massachusetts.

### COUNT I

*42 U.S.C. §1983 Against Defendants Day, Duquette, Ogden, and Sherman*

57. Plaintiff re-alleges and incorporates by reference ¶¶ 1–57.

58. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above.

against Defendants Day, Duquette, Ogden, and Sherman for violation of his constitutional rights under color of law.

## COUNT II

### *42 U.S.C. §1985 Against Defendants Day, Duquette, Ogden, and Sherman*

59. Plaintiff re-alleges and incorporates by reference ¶¶ 1–58.

60. Defendants Day, Duquette, Ogden, and Sherman conspired to violate Plaintiff's civil rights.

## COUNT III

### *42 U.S.C. § 1983 Against Town of Tisbury*

61. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

62. Prior to October 6, 2020, the Tisbury Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Tisbury, which caused the violation of Plaintiff's rights.

63. It was the policy and/or custom of the Tisbury Police Department to fail to exercise reasonable care in hiring and retaining its police officers, including Defendants Day, Duquette, Ogden, and Sherman, thereby failing to adequately prevent constitutional violations on the part of its police officers.

64. It was the policy and/or custom of the Tisbury Police Department to inadequately supervise and train its police officers, including Defendants Day, Duquette, Ogden, and Sherman, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

65. As a result of the above described policies and customs, police officers of the Town of Tisbury, including Defendants Day, Duquette, Ogden, and Sherman, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

66. The above described polices and customs demonstrate a deliberate indifference on the part of the Town of Tisbury to the constitutional rights of persons within the Town of Tisbury, and were the cause of the violations of Plaintiff's rights alleged herein.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendant Day, Docket, Ogden, and Sherman's conduct unconstitutional;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of $6,535,000;

D. Award Plaintiff reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendant Town of Tisbury to adopt appropriate policies related to the hiring and supervision of its police officers; and

F. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

# JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

Brian Langhammer

PO Box 1680

Fairplay, CO 80440

(508) 499-9660

MVMACTECH@GMAIL.COM

Dated: October 3, 2023