UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:23-CV-12291-JEK

BRIAN LANGHAMMER (PROSE),

    Plaintiff

V.

TOWN OF TISBURY, ET AL.,

    Defendants

## DEFENDANTS TOWN OF TISBURY, JEFF DAY, CHARLES DUQUETTE, SCOTT OGDEN AND MAX SHERMAN'S ANSWER TO PLAINTIFF'S COMPLAINT

1. This Paragraph is introductory in nature and does not require an admission or denial by the Defendants. To the extent any allegations of misconduct are made against the Defendants they are hereby denied.

2. The Defendants deny the allegations contained in Paragraph 2.

3. The Defendants deny the allegations contained in Paragraph 3.

4. The Defendants deny the allegations contained in Paragraph 4.

5. The Defendants deny the allegations contained in Paragraph 5.

6. The Defendants deny the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7. This Paragraph is jurisdictional in nature and does not require an admission or denial by the Defendants. To the extent any allegations of misconduct are made against the Defendants they are hereby denied.

8. This question is with respect to venue and requires no admission or denial by the Defendants.

9. This question is with respect to venue and requires no admission or denial by the Defendants.

**PARTIES**

10. Defendants admit that the Plaintiff was a former resident of Tisbury, Massachusetts but are without sufficient information to admit or deny the remaining allegations contained in Paragraph 10.

11. Defendants admit that Defendant Day was a Sergeant with the Tisbury Police Department and is no longer employed there.

12. The Defendants admit the allegations contained in Paragraph 12.

13. The Defendants admit the allegations contained in Paragraph 13.

14. The Defendants admit the allegations contained in Paragraph 14.

15. The Defendants admit the allegations contained in Paragraph 15.

**BACKGROUND**

16. Defendants do not have knowledge as to what the "Tisbury Police" knew about the Plaintiff prior to October 6, 2020.

17. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17.

18. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18.

19. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19.

20. On or about October 7, 2020, Defendant Sherman did speak with the Plaintiff and did confirm that an arrest warrant had been issued for the Plaintiff but is without sufficient

information to admit or deny the remaining allegations contained in Paragraph 20.

21. Defendants admit that the Plaintiff was arrested on an outstanding arrest warrant referred to in Paragraph 20 and was brought to the Duke County Jail and House of Correction but denies the remaining allegations contained in Paragraph 21.

22. The Defendants deny the allegations contained in Paragraph 22.

23. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23.

24. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24.

25. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25.

26. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26.

27. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27.

28. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28.

29. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29.

30. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30.

31. The Defendants admit that the Plaintiff was arrested on December 4, 2020 for witness intimidation and criminal harassment but denies the remaining allegations contained in

Paragraph 31.

32. The Defendants admit that the police report leading to the Plaintiff's arrest on December 4, 2020 concerns an interaction with Officer Gomes but are without sufficient information to admit or deny the remaining allegations contained in Paragraph 32.

33. The Defendants deny the allegations contained in Paragraph 33.

34. The Defendants admit that the Plaintiff was arrested on or about December 4, 2020 and was brought to the Dukes County Jail and House of Correction and was released on the following Monday but denies the remaining allegations contained in Paragraph 34.

35. The Defendants admit the allegations contained in Paragraph 35.

36. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36.

37. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37.

38. The Defendants admit that the Plaintiff's application for a permit to operate as a livery tour driver was denied but deny the remaining allegations contained Paragraph 38.

39. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39.

40. The Defendants deny the allegations contained in Paragraph 40.

41. The Defendants admit the Plaintiff was told police were concerned about the fact he may have suicidal ideations, and told him they had a section 12 to take him into custody.

42. The Defendants deny the allegations contained in Paragraph 42.

43. The Defendants admit the allegations contained in Paragraph 43.

44. The Defendants admit the allegations contained in Paragraph 44.

45. Admitted.

46. The Defendants admit that the police report does not indicate the name of the person supplying information to the police but is without information to admit or deny the remaining allegations in Paragraph 46.

47. The Defendants deny the allegations contained in Paragraph 47.

48. The Defendants deny the Plaintiff was subject to false arrest. The Defendants admit that Plaintiff was placed on suicide watch at the Duke County Jail and House of Correction but are without sufficient information to admit or deny the remaining allegations contained in Paragraph 48.

49. The Defendants admit that the Plaintiff was transferred from the Duke's County Sheriff's Office to the Bridgewater State Hospital but are without sufficient information to admit or deny the remaining allegations contained in Paragraph 49.

50. The Defendants admit the allegations contained in Paragraph 50.

51. The Defendants admit that the Plaintiff was released from Bridgewater State Hospital and returned to the Duke's County House of Correction on or about July 8, 2022 but denies the remaining allegations contained in Paragraph 51.

52. The Defendants admit the allegations contained in Paragraph 52.

53. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53.

54. The Defendants deny the allegations contained in Paragraph 54.

55. The Defendants deny the allegations contained in Paragraph 55.

56. The Defendants deny the allegations contained in Paragraph 56.

## COUNT I
## 42 U.S.C. § 1983
## AGAINST DEFENDANTS DAY, DUQUETTE, OGDEN AND SHERMAN

57. Defendants reassert their responses to Paragraphs 1 through 56 as if fully incorporated herein.

58. The Defendants deny the allegations contained in Paragraph 58.

## COUNT II
## 42 U.S.C. § 1985
## AGAINST DEFENDANTS DAY, DUQUETTE, OGDEN AND SHERMAN

59. Defendants reassert their responses to Paragraphs 1 through 58 as if fully incorporated herein.

60. The Defendants deny the allegations contained in Paragraph 60.

## COUNT III
## 42 U.S.C. § 1983
## AGAINST TOWN OF TISBURY

61. Defendants reassert their responses to Paragraphs 1 through 60 as if fully incorporated herein.

62. The Defendants deny the allegations contained in Paragraph 62.

63. The Defendants deny the allegations contained in Paragraph 63.

64. The Defendants deny the allegations contained in Paragraph 64.

65. The Defendants deny the allegations contained in Paragraph 65.

66. The Defendants deny the allegations contained in Paragraph 66.

## JURY DEMAND

Defendants demand a jury trial on all claims.

## AFFIRMATIVE DEFENSES

**First**

The Plaintiff lacks subject matter jurisdiction.

**Second**

The Plaintiff has failed to state a claim upon which relief can be granted.

**Third**

The Plaintiff has failed to comply with the statute of limitations.

**Fourth**

Plaintiff has not properly effectuated service.

**Fifth**

The Defendants are qualifiedly immune from liability.

**Sixth**

The Plaintiff has waived liability.

**Seventh**

The Plaintiff has released the Defendants from liability.

**Eighth**

None of the allegations alleged by the Plaintiff amounts to a state or federal constitutional or statutory violation.

**Ninth**

Any of the alleged injuries sustained by the Plaintiff are the direct result of the Plaintiff's own acts and/or omissions, and not that of the Defendants.

**Tenth**

The Plaintiff is comparatively negligent.

**Eleventh**

    The Plaintiff is contributorily negligent.

                                                  Respectfully submitted,
                                                  DEFENDANTS,

                                                  TOWN OF TISBURY, JEFF DAY,
                                                  CHARLES DUQUETTE, SCOTT OGDEN AND
                                                  MAX SHERMAN,

                                                  By its attorney:

                                                  /s/*Stephen C. Pfaff*

                                                  _____
                                                  Stephen C. Pfaff (BBO# 553057)
                                                  spfaff@lccplaw.com
                                                  Louison, Costello, Condon & Pfaff, LLP
                                                  Ten Post Office Square, Suite 1330
                                                  Boston, MA  02109
                                                  617-439-0305
                                                  FAX: 617-439-0325

Date:  March 21, 2024

# CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on March 21, 2024, a true copy of the above document was served upon:

Brian Langhammer, pro se
PO Box 1680
Fairplay, CO 80440
(508)499-9660
MVMACTECH@GMAIL.COM

/s/*Stephen C. Pfaff*

Stephen C. Pfaff