UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:23-CV-12291-JEK

BRIAN LANGHAMMER,

    Plaintiff

V.

TOWN OF TISBURY, ET AL.,

    Defendants

## DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JANUARY 24, 2025 RE: PLAINTIFF'S MOTIONS TO COMPEL

Defendants hereby request this Court to reconsider their order of January 24, 2025 regarding Plaintiff's Motions to Compel further interrogatories from the individual Defendants and documents from the Town of Tisbury.

At a status conference on January 8, 2025, the Court encouraged the parties to meet and resolve the issues regarding the Plaintiffs' various Motions to Compel. Said motions had been filed just prior to the January 8, 2025 status conference and were not ripe for argument due to the fact that the Defendants had yet to file any oppositions. The Court is correct in its order of January 24, 2025, in that the Defendants indicated they were intending in fact to oppose the motion, but, in fact, they did not.

What the parties did do, however, was accept the Court's advice and discuss their differences. Accordingly, the parties had a teleconference immediately after the conclusion of the January 8, 2025 status conference, in which the parties worked out an agreement in which the Plaintiff would be supplied with the following documents: the personnel file, training record, and disciplinary record of each of the Defendants (subject to any necessary confidential redactions).

The telephone conference was both civil and productive, and both parties agreed to cooperate in the future with respect to any discovery issues, with said documents expected to be produced by January 31, 2025.  *See Affidavit of Attorney Stephen C. Pfaff.*  Regrettably, however, neither party officially informed the Court that a resolution had been reached, and Defendants did not inform the Court that because of the resolution they would not be opposing the Plaintiffs Motions to Compel.  Hearing nothing from the parties about their successful meeting nor any indication from the Defendants that they would now not oppose Plaintiff's motions, the Court understandably issued its order.

Accordingly, because the Parties reached a resolution prior to the Court's January 24, 2025 order on the Plaintiffs Motions to Compel, Defendants would request that the Court rescind or amend its order, and hold in abeyance any decision on the Plaintiffs Motions to Compel until after the Defendants supply the aforementioned documents to the Plaintiffs. Should, in fact, the Plaintiff not be satisfied with the Defendants substantive responses and the parties then unable to resolve any disputes, Plaintiff could then file his motions, and Defendants would have an opportunity to oppose.

Wherefore, the Defendants request that their request for reconsideration be allowed.

Respectfully submitted,
DEFENDANTS,

TOWN OF TISBURY, JEFF DAY,
CHARLES DUQUETTE, SCOTT OGDEN AND MAX SHERMAN,

By its attorney:

/s/*Stephen C. Pfaff*
_____
Stephen C. Pfaff (BBO# 553057)
spfaff@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330

Boston, MA  02109<br>
617-439-0305<br>
FAX: 617-439-0325

Date:  January 28, 2025

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on January 28, 2025, a true copy of the above document was served upon:

Brian Langhammer, pro se<br>
PO Box 1680<br>
Fairplay, CO 80440<br>
(508)499-9660<br>
MVMACTECH@GMAIL.COM

/s/*Stephen C. Pfaff*

_____

Stephen C. Pfaff