UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:23-CV-12291-JEK

BRIAN LANGHAMMER,

      Plaintiff

V.

TOWN OF TISBURY, ET AL.,

      Defendants

## **DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendants, Town of Tisbury, Jeff Day, Charles Duquette, Scott Ogden and Max Sherman hereby request this Honorable Court to enter a protective order regarding the prevention of discovery documents produced by the parties from dissemination to non-litigants (with the exception of counsel and potentially expert witnesses), per the attached Confidentiality Agreement.

Courts may issue protective orders when appropriate. Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)(1). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). "As specified in [Rule] 26(c), however, a showing of good cause is required to [*5] justify any protective order." *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990) (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)). The party seeking a protective order has the burden of demonstrating good

cause. *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010).

In the instant case, the Defendants are willing to produce training, disciplinary, and personnel files of the individual Defendants, as previously discussed with the Court at the February 25 conference. However, said information contains sensitive material regarding, for example, the specific police training that the individual Defendants have had during the course of their career. This information should not be publicly available as it can potentially affect criminal investigations, provide sensitive information to criminal defendants, etc. In addition, disciplinary information against the individual Defendants contains sensitive materials, such as the name of the complaining individual, witness information, etc. Finally, personal information, such as an officer's address, health information, pension, information, etc. should not be publicly disclosed.

Defendants have agreed to sign the confidentiality agreement and not disseminate any material that may be sensitive that is received from the Plaintiff with respect to his discovery responses. Moreover, despite a request by defense counsel back on February 27, 2025, to the Plaintiff to consider signing the Confidentiality Agreement, there was no response from the Plaintiff until today, in which he indicated that he would not be signing the Confidentiality Agreement. (See attached Exhibit A, email correspondence from defense counsel to Plaintiff). Plaintiff is well aware that the individual Defendants Answers to Interrogatories are due tomorrow, but yet chose not to respond to the February 27, 2025 request from defense counsel until prompted to do so today. Per Exhibit B (Defendant Duquette's Supplemental Answers to Plaintiff's Interrogatories) a number of the answers invoke Fed. R. Civ. P. 33 (d), which for the reasons stated above should be subject to a confidentiality agreement.

WHEREFORE, because the material about to be produced by the Defendants is sensitive with respect to training, disciplinary, and personnel records, and would serve no benefit if publicly available, the Defendants request that the court adopt the proposed confidentiality agreement or order the Plaintiff to sign same.  A proposed order for the Court to sign is attached.

Respectfully submitted,
DEFENDANTS,
TOWN OF TISBURY, JEFF DAY,
CHARLES DUQUETTE, SCOTT OGDEN AND MAX
SHERMAN,

By its attorney:

/s/*Stephen C. Pfaff*

_____
Stephen C. Pfaff (BBO# 553057)
spfaff@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA  02109
617-439-0305
Date:  March 11, 2025              FAX: 617-439-0325

## **CERTIFICATE OF SERVICE**

I, Stephen C. Pfaff, hereby certify that on the 11th day of March, 2025, I served the foregoing by causing a copy to be directed to:

Brian Langhammer, pro se
PO Box 1680
Fairplay, CO 80440
(508)499-9660
MVMACTECH@GMAIL.COM

/s/*Stephen C. Pfaff*

_____
Stephen C. Pfaff