**DRAFT**
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No. 1:23-cv-12291-JEK

BRIAN LANGHAMMER,

    Plaintiff, pro se,

v.

TOWN OF TISBURY, JEFF DAY,
DETECTIVE CHARLES DUQUETTE,
OFFICER SCOTT OGDEN,
AND SERGEANT MAX SHERMAN,

    Defendants.

---

## DEFENDANT DETECTIVE CHARLES DUQUETTE'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

---

**INTERROGATORY NO. 1**

Identify each person who you believe has knowledge about the Plaintiff's claims or your defenses in this case. For each person identified, summarize the knowledge you believe each has.

**ANSWER NO. 1**

Defendants Day, Ogden and Sherman. I believe Defendants Day, Ogden and Sherman have knowledge about the Plaintiff's claims and defenses in this matter but I do not know the specific knowledge that each of those individuals have.

**INTERROGATORY NO. 2**

For the period of time from 01/01/2015 to the present, please identify any complaint or report, whether formal or informal, that any person made alleging that Defendant violated

any person's First Amendment rights, retaliated against any person for exercising their First Amendment rights, or conducted any search or made any seizure of a person in violation of the law. For each complaint or report you identify, please also provide the date(s) each was made or submitted, each individual that brought the complaint or made the report, each person that participated in responding to the complaint or report, the circumstances that led to the complaint or report, and any findings made or actions taken as a result, including any disciplinary actions you imposed.

**ANSWER NO. 2**

**Objection.** Defendant objects to this Interrogatory as being a multi-question Interrogatory. Without waiving said objection, please see TPD IAD Investigation 202406-001 in the following link: _____.

**INTERROGATORY NO. 3**

Did you start any disciplinary proceedings, whether formal or informal, or impose any disciplinary action, as a result of Defendant's arrest of Plaintiff? If your answer is "yes," identify each person that participated in imposing the disciplinary action or conducting the disciplinary proceeding, each person that was the subject of the disciplinary action or proceeding, any documents, communications, or electronically stored information created during the course of the disciplinary action or proceeding, and, further, describe the disciplinary action, if any, that you ultimately imposed.

**ANSWER NO. 3**

**Objection**. Defendant objects to this Interrogatory as being a multi-question Interrogatory. Further objecting, the Defendant objects to the use of the term "disciplinary action." Without waiving said objection, I did not start any

"disciplinary action as a result of Defendant's arrest of Plaintiff."

**INTERROGATORY NO. 4**

Please identify each person who participated in Plaintiff's arrest, or the decision-making process leading to Plaintiff's arrest. In your response, please identify each authority, policy, statute, or other basis you relied upon in making the decision to arrest Plaintiff.

**ANSWER NO. 4**

Defendant objects to this interrogatory as it identifies but a single arrest, and Defendant is unsure to which arrest Plaintiff refers. Further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20:_____.

**INTERROGATORY NO. 5**

Please identify each person who participated in the issuance of a psychiatric hold order on Plaintiff, or the decision-making process leading to the application for a psychiatric hold order on Plaintiff. In your response, please identify each authority, policy, statute, or other basis you relied upon in making the decision to apply for a psychiatric hold order on Plaintiff.

**ANSWER NO. 5**

Defendant objects to the term "psychiatric hold order." Without waiving said objection, further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic

Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20.

**INTERROGATORY NO. 6**

Please identify and describe any training that you provided to employees, agents, or contractors, or any policies, procedures, guidelines, or protocols you developed, about the First Amendment or Fourth Amendment.

**ANSWER NO. 6**

I do not believe I provided any other employees training with respect to the First Amendment or Fourth Amendment.

**INTERROGATORY NO. 7**

Please identify each communications you have had with any person about the allegations contained in Plaintiff's operative complaint.

**ANSWER NO. 7**

**Objection**. The Defendant objects to this Interrogatory as being unduly broad and overly burdensome as the Defendant cannot possibly recall each and every communication he has had "with any person about the allegations contained in Plaintiff's operative complaint." Without waiving said objection, further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants

supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20: _____.

**INTERROGATORY NO. 8**

Please identify each communications you have had with any staff of Martha's Vineyard Hospital during Plaintiff's involuntary captivity there.

**ANSWER NO. 8**

**Objection**. The Defendant objects to this Interrogatory as being unduly broad and overly burdensome and not designed to lead to the admission of evidence at trial and with no specific timeframe. I do not recall any communications with staff at the Martha's Vineyard Hospital but to the extent I did that information would be indicated on the report supplied to the Plaintiff in the Defendants' Automatic Discovery Disclosures. Without waiving said objection, further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20:_____

**INTERROGATORY NO. 9**

Please identify each communications you have had with any employer of Plaintiff for any reason.

**ANSWER NO. 9**

I do not recall any conversation with any employer of the Plaintiff.

**INTERROGATORY NO. 10**

Please identify each instance in which Plaintiff has been contacted by you for any reason.

**ANSWER NO. 10**

I do not recall the Plaintiff contacting me. To the extent that he did, and further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20:_____.

**INTERROGATORY NO. 11**

Please identify each instance in which you have had interaction with police informant Cynthia Seymour for any reason.

**ANSWER NO. 11**

**Objection**. The Defendant objects to this Interrogatory as being unduly broad and overly burdensome and not designed to lead to the admission of evidence at trial. Without waiving said objection, further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning

the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20:_____.

**INTERROGATORY NO. 12**

Please identify each instance of which you are aware in which police informant Cynthia Seymour received payment(s), preferential or beneficial treatment, or quid pro quo consideration(s) in exchange for information or other services.

**ANSWER NO. 12**

**Objection**. The Defendant objects to this Interrogatory as being unduly broad and overly burdensome and not designed to lead to the admission of evidence at trial. Without waiving the objection, I am unaware of Cynthia Seymour receiving payment(s), preferential or beneficial treatment, or quid pro quo consideration(s) in exchange for information or other services.

**INTERROGATORY NO. 13**

Please identify each telephone in your possession or under your control, including the associated telephone number, network carrier, and IMEi of each device.

**ANSWER NO. 13**

**Objection.** The Defendant objects to this Interrogatory as being unduly broad and overly burdensome and not designed to lead to the admission of evidence at trial.

**INTERROGATORY NO. 14**

Please identify each online electronic mail account created by you, or under your control.

**ANSWER NO. 14**

**Objection.** The Defendant objects to this Interrogatory as being unduly broad and

overly burdensome and not designed to lead to the admission of evidence at trial.

**INTERROGATORY NO. 15**

Please identify each online social media profile created by you, or under your control.

**ANSWER NO. 15**

**Objection.** The Defendant objects to this Interrogatory as being unduly broad and overly burdensome and not designed to lead to the admission of evidence at trial.

**INTERROGATORY NO. 16**

For each denial that you make in your Answer of a material allegation contained in Plaintiff's Complaint, please identify all facts that you believe justify your denial; identify each person that you are aware has knowledge of those facts; identify any documents, communications, or electronically stored information that you believe support your denial, and, further, identify each person in possession of the documents, communications, or electronically stored information that you list.

**ANSWER NO. 16**

**Objection.** Defendant objects to this Interrogatory as being a multi-question Interrogatory. Without waiving said objection and further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession. Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20:_____.

**INTERROGATORY NO. 17**

Please answer definitively whether or not you have committed perjury in any proceeding or application affirmed or sworn under oath or otherwise under penalty of perjury.

**ANSWER NO. 17**

**Objection**.  The Defendant objects to this Interrogatory as being unduly broad and overly burdensome and not designed to lead to the admission of evidence at trial and with no timeframe.

**INTERROGATORY NO. 18**

For each affirmative defense that you plead in your Answer to the Complaint, please identify all facts that you believe support the defense; identify each person that you are aware has knowledge of those facts; identify any documents, communications, or electronically stored information that you believe support the defense, and, further, identify each person in possession of the documents, communications, or electronically stored information that you list.

**ANSWER NO. 18**

**Objection.**    Defendant objects to this Interrogatory as being a multi-question Interrogatory.  Without waiving said objection and further to Fed. R. Civ. P. 33 (d), please refer to the Defendants' Automatic Discovery Disclosures (see attached document which identifies the documents) which include all relevant police reports and correspondence concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20, and 12/4/20. In addition, Defendants supplied the Plaintiff with all other incident reports concerning the Plaintiff in its possession.  Notwithstanding the above, Defendant hereby supplies the following link which will contain police reports concerning the seizure of the Plaintiff on or about 6/7/22, 10/6/20,

and 12/4/20:_____.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __ DAY OF NOVEMBER, 2024.

_____
Charles Duquette

As to Objections:

/s/*Stephen C. Pfaff*

_____
Stephen C. Pfaff (BBO #553057)
Email: spfaff@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the __th day of November, 2024, I served the foregoing by causing a copy to be directed either by email or first-class mail, postage prepaid to:

Brian Langhammer
P.O. Box 25372
Silverthorne, CO 80497

/s/*Stephen C. Pfaff*
_____
Stephen C. Pfaff