UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| Brian Langhammer, pro se ) | Case No. 1:23-cv-12291 |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S OPPOSITION TO** |
| vs. ) | **DEFENDANT'S MOTION FOR AN** |
| ) | **EMERGENCY PROTECTIVE ORDER** |
| Town of Tisbury, et al ) | |
| ) | March 18, 2025 |
| Defendants. ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION

### FOR AN EMERGENCY PROTECTIVE ORDER

**NOW COMES** the Plaintiff, Brian Langhammer, pro se, and respectfully opposes the Defendants' Emergency Motion for an Order of Protection, filed on March 12, 2025.

The Plaintiff asserts that the requested police personnel records are critical to proving the civil rights violations alleged in this case under 42 U.S.C. §§ 1983 and 1985, and that the Defendants have failed to demonstrate good cause for a protective order under

Federal Rule of Civil Procedure 26(c). For the reasons set forth below, the Court should deny the Defendants' motion.

In opposing Defendants' motion for an emergency protective order, Plaintiff relies on Federal Rules of Civil Procedure 26(c) and 26(b)(1). Defendants have failed to demonstrate 'good cause' under Rule 26(c)(1), as they provide no specific evidence of undue burden or oppression. Moreover, the materials at issue are plainly relevant to Plaintiff's claims, specifically under Count III of pro se Plaintiff's complaint, under Rule 26(b)(1), and their disclosure is proportional to the needs of this civil rights action.

The individuals named as defendants in this matter all hold or held public office, and can expect a lower standard of privacy than other citizens. Although the majority of the individuals named in my complaint are no longer serving as police officers, most remain, for now, certified by the Massachusetts Peace Officers Standards and Training Commission. Granting the motion would unduly prejudice Plaintiff's ability to vindicate their rights and contravene the public interest in transparency.

Defendant cites Seattle Times Co. v. Rhinehart, 467 U.S. 20, in which that Court held that protective orders under FRCP Rule 26(c) are permissible to prevent abuse of discovery, but only upon a showing of "good cause.",and held in that matter that the burden is on the party seeking protection (here, the Defendants) to prove that disclosure would cause

a clearly defined and serious injury.

Beyond stating concern that potential disclosure would increase transparency and accountability, and allow hypothetical criminal defendants access to exculpatory evidence, Defendants provide no specific evidence of undue burden or oppression, merely relying on conclusory assertions.

Further, Defendant argues erroneously that "good cause" exists for an order, as Defendant moves, to protect personal information of individuals who have filed complaints, such as their names, names of witnesses, and other sensitive information, but in the materials Defendants have submitted, as compelled by this Court's order, all such identifying information has been redacted.

It is for these reasons pro se Plaintiff respectfully requests that the Court deny the Defendants' Emergency Motion for an Order of Protection in its entirety. Alternatively, Plaintiff requests an in camera review to assess the records' relevance before any protective order is issued.

Dated: March 18, 2025

                                  */s/Brian Langhammer*
                                  Brian Langhammer
                                  PO Box 25372
                                  Silverthorne, CO 80497
                                  (508) 499-9660
                                  MVMACTECH@GMAIL.COM

                                  *Plaintiff, pro se*

CERTIFICATE OF SERVICE

I, Plaintiff Brian Langhammer, pro se, hereby certifies that on March 18, 2025, a true copy of the above document was served upon:

Stephen C. Pfaff, Esq.
spfaff@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Defense Counsel for Defendants:
Town of Tisbury
Jeff Day
Charles Duquette
Scott Ogden
Sergeant Max Sherman

Date: March 18, 2025

_____
*/s/Brian Langhammer*
Brian Langhammer, Plaintiff pro se
PO Box 25372
Silverthorne, CO 80497
(508)499-9660
MVMACTECH@GMAIL.COM

- 18 -