CONFIDENTIALITY AGREEMENT

This agreement ("Agreement") is made and entered into as of this __th day of February, 2025, between the Plaintiff, Brian Langhammer (the "Plaintiff" or "Brian Langhammer"), and the Defendants Town of Tisbury, Jeff Day, Charles Duquette, Scott Ogden and Max Sherman (the "Defendants"), all of whom may be referred to herein collectively as the "Parties."

**WHEREAS**, Brian Langhammer commenced *Brian Langhammer v. Town of Tisbury, et al.,* United States District Court Docket No. 23-CV-12291-JEK against the Defendants seeking, *inter alia*, damages.

**WHEREAS**, the Defendants deny any liability or other wrongful conduct; and

**WHEREAS,** the Parties are currently engaged in discovery and wish to limit the disclosure of certain confidential documents and information to the Parties and the attorneys of record in this action.

**NOW, THEREFORE**, in consideration of the mutual covenants and the consideration hereafter contained, the Parties hereby agree as follows:

1.   Any party may designate as "confidential" any document produced in response to the another party's discovery requests or an order of court which in good faith it believes to be confidential.  For purposes of this Agreement, the term "document" shall mean any written, typed or printed matter of any kind, electronic files, sound recordings, photographs, or any other medium for preserving, duplicating or recording written or spoken words.  The word "confidential" shall mean information that is not publicly available and which constitutes trade secrets, proprietary or competitively sensitive information, medical or therapy records of any party or potential witness or employee of the defendant, or information or documents that are deemed confidential by operation of law.  By entering this agreement neither party agrees to or admits to the documents designated by the other party as "confidential" actually to be confidential and no presumption of confidentiality shall be made by the Courts as a result of the designation if the designation is challenged.  The designation of "confidentiality" by either party shall not create a presumption or inference that the documents are in fact confidential.

2.   Such documents as are designated "confidential" shall be produced by a party or by order of Court only to the following persons and entities:

(a)   The parties to this action; in the case of a corporate party, the term shall mean those individuals who are actively involved in managing the litigation;

(b)   counsel of record for each of the undersigned parties, including their paralegals, secretaries, employees and independent contractors;

(c)   the parties' insurers;

(d)   the Court, Court reporters, and Court personnel;

(e)   witnesses, who first read this Agreement and agree to be bound by it, by executing a copy of the agreement attached hereto as Exhibit A, may be shown documents in the course of preparing for their appearances and at their appearances but shall not, unless otherwise permitted in this agreement, retain possession of any confidential material, and

(f)   any person agreed to in writing by the parties or ordered by the Court.

3.   (a) Documents which are designated as "confidential," copies thereof, and the information contained therein, shall not be exhibited or disclosed to any other person, provided, however, that nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein to persons who have prepared or assisted in the preparation of such documents or to whom the documentation or copies thereof were addressed or delivered.  Nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein to officers and personnel of any governmental agencies and authorities requesting such documents and information. Also, nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein to independent accountants, statisticians, economists or other experts for use in preparation and/or in connection with the litigation of this action, if such independent accountants, statisticians, economists or other experts first read this Agreement and agrees to be bound by it, by executing a copy of the agreement attached hereto as Exhibit A.  A list shall be maintained by counsel of the names of all persons to whom disclosure is made.

(b)  No person receiving confidential documents shall disclose such documents or information contained therein to any person other than those specified in paragraph 3(a). However, if counsel shall hereafter desire to give, show, make available or communicate such documents in any way to persons other than those referred to in paragraph 3(a) above, counsel shall notify the counsel for the party which produced documents designated "confidential" in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure is proposed, and a description of the documents or information to be disclosed.

(c)  In the event that the party which produced the confidential documents objects to the disclosure of the documents to a person designated under paragraph 3(b), (s)he may notify the opposing counsel in writing of such objection and the grounds thereof, and, if such dispute is not resolved on an informal basis, may move the court for a ruling. There shall be no disclosure pending a resolution of the dispute either on an informal basis or by a ruling of the court.

4.   Documents designated "confidential" or the information contained therein may be referred to in the course of depositions, or made exhibits to depositions, provided

that those "confidential" deposition exhibits shall remain subject to this confidentiality agreement and the provisions of this agreement

5. This Agreement shall not apply to any documents, or information contained therein, which is available publicly, are "Public Documents" within the meaning of M.G.L. c. 66, § 10 or are otherwise a matter of public record on file with any governmental or regulatory agency or board, unless the confidentiality of the document and/or its contents has been or is preserved, in whole or in material part, pursuant to statutes or regulations applicable to the governmental or regulatory agency or board or under any agreement therewith.

6. This Agreement shall be without prejudice to the right of any party to contest the question of the confidential or privileged status of any category of documents, particular documents or part thereof which may be produced.

7. At the conclusion of this action by settlement and/or final judgment, including any appeals and/or after judgment on rescript after any appeals, all documents and any reproductions thereof subject to this Agreement shall be returned to the party producing such confidential documents, at its option. This Agreement shall continue in effect after the conclusion of this action, subject to further agreement of the Parties or order of the Court.

/Stephen C. Pfaff/

_____

_____  [name]
Brian Langhammer, *pro se*   On Behalf of the Town of Tisbury

/Jeff Day/

_____
Jeff Day

/Charles Duquette/

_____
Charles Duquette

/Scott Ogden/

_____
Scott Ogden

/Max Sherman/

_____
Max Sherman

-4-

EXHIBIT "A"
AGREEMENT CONCERNING CONFIDENTIALITY AGREEMENT

I, _____ have read the Confidentiality Agreement ("Agreement") entered between the parties to a Civil Action pending in the United States District Court entitled *Brian Langhammer v. Town of Tisbury, et al.,* United States District Court Docket No. 23-CV-12291-JEK, and I understand the terms thereof, and agree to be bound by such terms.  I will not disclose to any person other than those specifically authorized by the Agreement, and will not copy or use except solely for the purpose of this litigation, any information, protected by the Agreement except as expressly permitted by the parties to the litigation or the Court.

Dated:                                             Agreed: _____