UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:23-CV-12291-JEK

BRIAN LANGHAMMER,

      Plaintiff

v.

TOWN OF TISBURY, ET AL.,

      Defendants

**DEFENDANTS' MOTION TO COMPEL
PLAINTIFF'S TESTIMONY REGARDING
HIS POSSESSION OF EVIDENCE**

Now come the Defendants and hereby move this Honorable Court to compel the testimony of the Plaintiff regarding evidence that he has about certain allegations made in his Complaint but refuses to divulge.

On February 18, 2025, the Defendants conducted the Plaintiff's deposition, but suspended same in order to review recently supplied documents from the Plaintiff concerning his employment and medical history. During the course of the deposition, however, the Plaintiff indicated that he had the following information: evidence of negative personal animus against him by members of the Tisbury Police Department before the first of his three arrests on October 6, 2020; documentary evidence, including email communications from members of the Tisbury Police Department directly to the Plaintiff that intimated that he violated laws; "scads" of evidence concerning the Defendants' involvement in the allegations raised in the Plaintiff's complaint; many types of evidence, including emails about the Defendants' involvement in the allegations in the Plaintiff's complaint; and "concrete evidence" of same. Defense counsel asked the Plaintiff to provide the information described above, but he refused.

1

The second day of the Plaintiff's deposition was on April 15, 2025, and as the Plaintiff had yet to supply the information requested of him during the first day of his deposition. Defense counsel then asked the Plaintiff to once again provide the information, but the Plaintiff objected, citing work product as the reason he would not supply the information, and indicating that he would "probably give the information [to me] three days before trial" after "registering" it with the court.

Defendants are entitled to this information during discovery, notwithstanding the fact that the Plaintiff indicated he would have supplied it to me had the Defendants filed timely, written discovery requests in the form of interrogatories and requests for production. Nonetheless, Defendants have learned of this evidence that the Plaintiff has only through his deposition, and the Defendants are entitled to review same and have the Plaintiff produce it in a timely manner. Trial by ambush is frowned upon in the First Circuit; the purpose of discovery is to exchange information between the parties so that there is a level playing field at the time trial commences. *Brandon v. Mare-Bear, Inc.,* 225 F.3d 661, at *4 [published in full-text format at 2000 U.S. App. LEXIS 12585] (9th Cir. 2000) (principal goal of discovery rules is to prevent trial by ambush and surprise); *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980) (same).

Wherefore, Defendants move the court to allow their Motion to Compel Testimony of the Plaintiff regarding the evidence that he has in his possession and desires to introduce at trial.

Respectfully submitted,
DEFENDANTS,

TOWN OF TISBURY, JEFF DAY,
CHARLES DUQUETTE, SCOTT OGDEN AND
MAX SHERMAN,

By its attorney:

/s/*Stephen C. Pfaff*

_____

Stephen C. Pfaff (BBO# 553057)
spfaff@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA  02109
617-439-0305
Date:  May 22, 2025                    FAX: 617-439-0325


## CERTIFICATE OF SERVICE


I, Stephen C. Pfaff, Esq., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants via e-mail or first-class mail, postage prepaid, on the 22nd of May, 2025.

Brian Langhammer, pro se
PO Box 1680
Fairplay, CO 80440
(508)499-9660
MVMACTECH@GMAIL.COM

/s/*Stephen C. Pfaff*

_____

Stephen C. Pfaff